UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FM FL PROPERTIES LLC,

    Plaintiff,

v.                                                   Case No.: 2:23-cv-358-SPC-KCD

THE HARTFORD INSURANCE
COMPANY OF THE SOUTHEAST,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is FM FL Properties, LLC's ("FM Properties") Amended Complaint. (Doc. 8). FM Properties filed this Amended Complaint in response to the Court's Order dismissing its initial Complaint for failure to adequately allege jurisdiction. (Doc. 7).

In its prior Order, the Court expressly told FM Properties that FM Properties had "not clearly state[d] the basis for this Court's jurisdiction over this matter" in its initial Complaint. (Doc. 7 at 1). The Court noted that "[i]f FM Properties intended to invoke this Court's jurisdiction under 42 U.S.C. §

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

4072, it has not properly done so." (Doc. 7 at 2). FM Properties has done nothing to remedy this problem in its Amended Complaint.

In its Amended Complaint, FM Properties again cites 42 U.S.C. § 4072 as the basis for this Court's *venue*, but it is completely silent on the issue of jurisdiction. (Doc. 8). The Amended Complaint—filed by counsel for FM Properties—has no jurisdiction section and does not even attempt to explain why this matter belongs in this Court. In fact, the Amended Complaint does not contain the word "jurisdiction" at all, even though counsel was put on notice by the Court's prior Order that FM Properties' lackadaisical approach to jurisdiction was insufficient.

FM Properties did follow the Court's second directive, which was to clarify whether the insurance policy at issue was a homeowner's insurance policy or a flood insurance policy. And perhaps when FM Properties changed the words "homeowner's insurance" (as stated in the initial Complaint) to "flood insurance" (as stated in the Amended Complaint), it was asking the Court to read between the lines about the jurisdictional applicability of 42 U.S.C. § 4072.

But the Court need not guess whether—or under what rationale—it has jurisdiction over this case. FM Properties filed this case in federal court, and the burden of establishing this Court's jurisdiction falls on FM Properties. The Court identified for FM Properties that its jurisdictional allegation was

2

insufficient and provided FM Properties with an opportunity to amend. FM Properties has declined the Court's Order to "clearly state the basis for this Court's jurisdiction over this matter." (Doc. 7 at 1).

Accordingly, it is now

**ORDERED:**

1. Plaintiff FM FL Properties, LLC's Amended Complaint (Doc. 8) is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 1, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record